IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HERMAN H. LEFORS, JR.**                                                                                    **PLAINTIFF**

V.                                    CASE NO.  3:20-cv-00405 JM

**RICK ELLIOT,** *et al.*                                                                                   **DEFENDANTS**

## ORDER

Plaintiff Herman H. LeFors, Jr., in custody in the Craighead County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. Nos. 2, 3). He also filed a motion to proceed *in forma pauperis*, which was granted.  (Doc. Nos. 1, 4).

### I.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**II.     Background**

LeFors sued the City of Jonesboro, Arkansas, the unidentified Mayor of Jonesboro, Chief of Police Rick Elliott, and Officers Shane Fox, Calvin Newman, and Francisco Matos in their personal and official capacities. (Doc. Nos. 2, 3). LeFors's claims arise out of his rental of a car from Hertz Rent-a-Car ("Hertz"), and his subsequent arrest for the theft of the vehicle. (*Id*.).

According to LeFors, he rented a car from Hertz on or around October 17, 2017. (Doc. No. 3 at 3). LeFors says that at the time he rented the car, he informed Hertz that he would be travelling with the car to Ada, Oklahoma. (*Id*.) The car was to be returned on October 20, 2017. (*Id*.)

On December 12, 2017, roughly two months after LeFors rented the car, a Hertz manager by the name of Michael Beasley filed a complaint with the Jonesboro Police Department asking that the car LeFors rented to be listed as stolen with the National Crime Information Center and Arkansas Crime Information Center. (*Id*. at 3-4). LeFors claims

that Newman and Matas entered information in the NCIC and ACIC on December 12, 2017, "[w]ithout conducting a thorough and proper investigation." (*Id.* at 4). According to LeFors, the information Beasley provided was false. LeFors also maintains the Jonesboro Police Department looking at the wrong statute, Ark. Code Ann. § 5-36-103— that statute deals with theft of property. (*Id.*) LeFors believes the applicable statute was Ark. Code Ann. § 5-36-113, which governs theft of rental property. (Doc. No. 3 at 4-5). LeFors asserts he alerted Hertz of mechanical problems with the car and Hertz knew the location of the car, but Hertz declined to retrieve the vehicle. (*Id.* at 3). In short, LeFors maintains the car was not stolen.

LeFors explains that on December 13, 2017 Fox was assigned to investigate the incident further. (*Id.* at 6). Fox then determined "that due to rental contractual agreements the cars were not considered by law to be stolen." (*Id.* at 7). LeFors complains that Fox did not alert Oklahoma authorities of the mix-up, despite the fact that Fox knew the car was not stolen. (*Id.*) LeFors alleges that the actions or Fox, Newman, and Matas were the result of an unofficial policy of the Jonesboro Police Department under which Chief Elliott allowed false accusations about the theft of rental cars to be entered into the NCIC/ACIC and failed to properly train officers regarding the same. (*Id.* at 6-7, 9, 14-19).

LeFors claims he was arrested based on the false report the Jonesboro Police Department filed with the NCIC/ACIC. (Doc. No. 3 at 11). He asserts his arrest and detention were unlawful. (*Id.* at 11). LeFors seeks damages, among other relief, in connection with the alleged violation of his rights. (Doc. No. 3 at 11; Doc. No. 2 at 6-9).

**III.     Analysis**

LeFors asserts that as a result Defendants' unlawful acts and omissions, he was wrongfully arrested and detained in Ada, Oklahoma, for the theft of the Hertz rental car. Public records reflect that LeFors indeed was arrested in Ada, Oklahoma (Pontotoc County) based on a report from the Jonesboro, Arkansas, Police Department. *State v. LeFors*, CF-2018-00024 (affidavit in support of probable cause). According to the report, Hertz had reported the car stolen and the suspect listed in the theft was LeFors. (*Id*.) Just as LeFors alleged, the car was entered into the NCIC on December 12, 2017. (*Id*.)

LeFors was charged in Oklahoma with felony unauthorized use of a vehicle; he entered a plea of nolo contendere and was sentenced to a five year suspended sentence and ordered to pay costs, fees, and restitution. *State v. LeFors*, CF-2018-00024 (judgment and sentence). The Court can take judicial notice of the proceedings in LeFors's Oklahoma state case because they are directly related to the issues here. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

LeFors's claims in this civil case are barred. As the Supreme Court instructed:

> [W]he a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." *Id*. at 485 (internal citations omitted).

4

Here, LeFors maintains the Hertz rental car was not stolen; rather, his arrest was the result of Defendants' failure to investigate the allegations against him, and the unofficial custom and failure to train that allowed that to happen. It follows that if Defendants had investigated Beasley's allegations properly, they would have learned that the car was not stolen, would not have made a stolen vehicle report in the NCIC/ACIC, and LeFors would not have been arrested and charged in Oklahoma. If LeFors prevailed on his claims, the judgment in his favor would necessarily imply the invalidity of his conviction in Oklahoma. Nothing in LeFors's pleadings, however, indicates that his conviction, sentence, or imprisonment has been called into question by issuance of a federal writ of *habeas corpus*. Under these circumstances, LeFors's claims in connection with the rental car are barred by the Supreme Court's ruling in *Heck* and must be dismissed.

LeFors makes a separate claim against Elliot. (Doc. No. 3 at 12). He claims Elliot violated his right to press charges against Beasley for making a false police report. (*Id*. at 12-14). But "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981). "[C]ourts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others." *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992).

LeFors also asserts Elliot would not allow LeFors to press charges against Beasley based on LeFors's race. The Court interprets LeFors's allegations as an equal protection claim. (Doc. No. 3 at 13). "[T]he first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who

5

were similarly situated to [him]." *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018). LeFors maintains Beasley filed false allegations. (Doc. No. 3 at 13). But LeFors pled guilty to unauthorized use of a vehicle. And LeFors explained that Elliott, in responding to LeFors's request to press charges, "did state [LeFors] deprive[d] the owner of their property." (*Id*. at 12.) Under these circumstances, it does not appear that Beasley and LeFors are similarly situated, and the pleadings do not otherwise indicate Elliot treated LeFors differently than others who were similarly situated. As such, this claim also fails.

### IV.     Conclusion

IT IS THEREFORE ORDERED THAT:

1. LeFors's Complaint (Doc. Nos. 2, 3) is DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 11th day of January, 2021.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE